STEPHENS-MILKES-COOK COMPANY v. SMEAD.

1. BILLS AND NOTES—PROMISSORY NOTE—INTENT AS TO OBLIGATION
OF MAKERS—EVIDENCE.
   Judgment for defendants, individual makers of promissory note
   sued upon who were president and secretary of an Indiana
   corporation which borrowed money from plaintiff pursuant to
   an agreement relative to exclusive sale of the corporation's line
   of furniture, is affirmed on the basis of testimony not objected
   to, which showed the agreement contemplated a loan to the
   company, such evidence supporting decision on issue of fact
   as to whether the note, without evidence on its face that it was
   a corporate obligation, was mutually intended to be a personal
   obligation of the makers.

2. APPEAL AND ERROR—NONJURY CASE—FINDING OF FACT—EVIDENCE.
   Finding of trial judge in a nonjury case on issue of fact cannot
   be pronounced on appeal contrary to the clear weight of the
   evidence, where there was testimony supporting such deter-
   mination.

Appeal from Berrien; Hadsell (Philip A.), J. Submitted January 5, 1961. (Docket No. 38, Calendar No. 48,403.) Decided February 28, 1961.

Action by Stephens-Milkes-Cook Company against Frank F. Smead and Charles F. Smead on promissory note. Judgment for defendants. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur, Bills and Notes § 49.
[2] 3 Am Jur, Appeal and Error § 896.

*Low, Iwaniuk & Boothby,* for plaintiff.

*Cain & Ball* and *Feeney & Stratigos,* for defendants.

PER CURIAM. Defendants Smead are president and secretary respectively of Smead Brothers Furniture Company, an Indiana corporation. In 1956 the plaintiff, desiring to obtain the exclusive right of selling a new line of furniture to be manufactured by the Smead Company, negotiated with defendants toward such an agreement. Due agreement was reached. One of the stipulations was that plaintiff was to loan the Smead Company $6,000 "for working capital."

The agreement as executed named the Smead Company as "first party" and plaintiff as "second party." It made reference to the $6,000 loan and contemplated a promissory note which—according to plaintiff and denied by defendants—was to be executed in favor of plaintiff as a personal obligation of defendants rather than a corporate obligation of the Smead Company. See marginal quotation.[*]

The note was duly executed by the defendants Smead. It does not indicate, on its face, that the obligation was to be a corporate one. Plaintiff sued upon it in the Berrien circuit. With respect thereto and the issue indicated above the unmodified pretrial statement reads as follows:

"3. Plaintiffs concede that if it is found as a fact that the note was intended by both parties to have been the corporate obligation of Smead Brothers Company, Inc., and not the personal obligation of the

---

[*] Article 7 of the agreement recites:

"The second party, for and in consideration of the execution of this agreement, agrees to loan the first party the sum of $6,000 for a period of 90 days from this date, without interest, upon the express condition that the said funds shall be deposited in a special account in a bank located in South Bend, designated by the first party and no disbursements of the said funds shall be made without the signature of one of the officers of the first party and one of the partners of the second party."

defendants, that there is no liability and that the plaintiffs shall recover nothing in this cause."

The case was tried to Judge Hadsell without a jury. The agreed question of fact was resolved against plaintiff as follows:

"On that basis I find as a fact that this note was not given as a guarantee of the payment of the $6,000 by the defendants personally, and was given as evidence of the obligation which the corporation assumed on that occasion."

Judgment entered for defendants. Plaintiff appeals and presents these questions:

"1. Can evidence be admitted to contradict and vary the written instrument, the note, being sued upon?

"2. Was the proposition: 'The note sued upon was intended by plaintiffs to be a corporate one,' supported by any evidence?

"3. Was the proposition: 'The note sued upon was intended by plaintiffs to be a corporate one,' contrary to the clear weight of the evidence?"

There was testimony opposing as well as supporting plaintiff's contention that the note was mutually intended to be a personal obligation of the defendants. No objection to such testimony was made so far as we are advised in the briefs and appendices. The agreement of the parties, quoted above, seems to have contemplated the loan as one to be made to the Smead Company. In such posture the case presented an issue of fact. That issue was resolved in favor of defendants by the appointed trier of facts. The trial judge's resolution thereof was amply supported and, therefore, cannot be pronounced contrary to the clear weight of the evidence.

Affirmed. Costs to defendants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.